# IN AND THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

MARK HOLMES,

    Plaintiff,

vs.

CASE: 09-4391-CA

COLLIER COUNTY BOARD of COMMISSIONERS, as the body corporate governing Collier County, Florida, USA.

2:09-cv-381-FtM-

    Defendant.

_____/

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, MARK HOLMES, hereby sues Defendant, COLLIER COUNTY BOARD OF COMMISSIONERS, as the body corporate governing Collier County, and alleges:

### Jurisdiction & Venue

1. Plaintiff is a resident of the State of Florida.

2. Pursuant to Florida Constitution Article VIII(e), COLLIER COUNTY BOARD OF COMMISIONERS (Defendant County) is the body corporate governing Collier County, Florida.

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fifth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this court is invoked under 28 U.S.C. §§ 1331 and 1343.

4. Venue in Collier County Circuit Court is proper as the events and omissions complained of occurred within the geographical area of this court, and this court is one of general jurisdiction.

## Denial of Procedural Due Process

5. Plaintiff MARK HOLMES at all times relevant to this action was employed by the Defendant, Collier County, or subject to its employment policies.

6. Pursuant to Defendant's internal policy, Plaintiff had a property right in his continued employment with Defendant County.

7. As such, Mr. Holmes' may not be subjected to an adverse employment action without due process of law.

8. On or about August 28, 2008, Leo Ochs, Deputy County Manager of Defendant County, the hearing officer, issued a finding after hearing to reinstate Plaintiff's employment pursuant to certain conditions. *Inter alia*, Plaintiff was to be suspended without pay for thirty (30) days and during the next six (6) months was required to satisfactorily complete a flight safety and training program. See Plaintiff's Exhibit A, which is attached hereto and incorporated herein.

9. The defendant made no provision for delaying said reinstatement.

10. Defendant unreasonably delayed by several months the process returning Plaintiff to his job as a helicopter pilot in contravention of its own due process mandate by manufacturing allegations that Plaintiff violated Federal Aviation Procedures (FAA), which were later determined by FAA to be unsubstantiated. See Plaintiff's Exhibit B, which is attached hereto and incorporated herein.

11. Plaintiff was subjected to a psychiatric evaluation against his will without reasonable foundation to thwart the findings of its own hearing officer and shield higher management from an ongoing investigation by the FAA for unsafe flight procedures and maintenance and for instilling fear in employees who report such violations. These

actions further delaying Plaintiff's reinstatement to duty as mandated by the hearing officer.

12. The examining physician told plaintiff that he suffered from no psychiatric infirmity and that allegations of any such infirmity were wholly unsubstantiated.

13. In contravention of policies of confidentiality, word of said psychiatric exam was leaked to officials outside of Plaintiff's chain of command in a further attempt to harass and contravene the mandate of the hearing officer.

14. In an attempt to thwart the mandate of the hearing officer, Defendant fabricated allegations that a certain member of the staff would refuse to fly with Plaintiff; Plaintiff was suspended for a day without pay for protesting these allegations.

15. The entire so called due process procedure concerning Plaintiff and his reinstatement to flight duty was a complete farce mocking the Fourteenth Amendment of the U.S. Constitution.

16. Defendant's actions resulted in an adverse employment action, through a material change in duties to non-flight status, subjecting him to manual labor outside of his ordinary duties, and for a time Plaintiff was forced to work additional hours to receive comparable pay.

17. Pursuant to Collier County Policy, Defendant County is required to give employees a bona fide opportunity to present reasons why their employment should not be adversely affected and Defendant, as revealed by post-hearing conduct, failed to follow its own policy in good faith and with a sense of fairness or reasonability.

18. As such, any "process" which stemmed from the hearing process was illusory.

19. In all respects, *supra*, Defendant County denied Plaintiff his due process rights under the United States Constitution, Amendment Fourteen.

20. Plaintiff has met all conditions precedent to filing this complaint.

21. Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands judgment against Defendant board for reinstatement to his position as a emergency services helicopter pilot, loss of any back pay compensatory damages, interest, attorney's fees and court costs, together with whatever further relief the court deems just and proper.

Plaintiff hereby demands trial by jury on all issues so triable.

_____
SAMUEL C. GOLD, ESQ.
Florida Bar No. 0570141
Trial Counsel For Plaintiff
P.O. Box 770824
Naples, FL 34107-0824
Telephone: 239-248-8700
Email: samgoldlaw@gmail.com