UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MARK HOLMES,

    Plaintiff,

vs.                                    CASE NO.: 2:09-CV-381-FTM-99SPC

COLLIER COUNTY BOARD OF
COMMISSIONERS, as the body
Corporate governing Collier County,
Florida, USA.

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

COMES NOW, Defendant COLLIER COUNTY BOARD OF COMMISSIONERS ("Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss Plaintiff MARK HOLMES' ("Plaintiff") Complaint, and states the following in support thereof:

1. Plaintiff's Complaint purports to state a cause of action for alleged denial of Plaintiff's procedural due process rights in violation of 42 U.S.C. § 1983 ("§ 1983"). Because Plaintiff was given notice and an opportunity to be heard and his employment was reinstated by Defendant, his procedural due process claim must fail.

2. With respect to the other alleged deprivations of rights alleged in Plaintiff's Complaint, his claim also fails as none of the alleged deprivations rise to such a level as to implicate protection under §1983.

WHEREFORE, Defendant COLLIER COUNTY BOARD OF COMMISSIONERS, respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.

**MEMORANDUM OF LAW**

I. **Denial of Procedural Due Process**

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. The Supreme Court has interpreted the Due Process Clause to provide two different kinds of constitutional protection: procedural due process and substantive due process. McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (citing Cf. Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)). "A violation of either of these kinds of protection may form the basis for a suit under section 1983." McKinney at 1555 (citing Burch at 113). As Plaintiff's Complaint raises only a procedural due process claim, substantive due process will not be discussed here[1].

The Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property. When

---

[1] As it appears from Plaintiff's Complaint that he alleges only a procedural due process claim, substantive due process analysis will not be addressed here. But even were Plaintiff to plead a substantive due process cause of action, he would not be able to successfully make out such a claim as the Eleventh Circuit has recognized that "remaining largely outside the scope of substantive due process jurisprudence are tort law and public employment law." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); Bishop v. Wood, 426 U.S. 341, 350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976); Board of Regents v. Roth, 408 U.S. 564, 577-78, 92 S.Ct. 2701, 2709-10, 33 L.Ed.2d 548 (1972)). "In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" McKinney at 1556 (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985)). Accordingly, "these state law based rights may be rescinded so long as the elements of *procedural* – not substantive – due process are observed." McKinney at 1556 (emphasis added).

reviewing a procedural due process claim, a threshold question is whether the plaintiff was deprived of a protected property or liberty interest. Faucher v. Rodziewicz, 891 F.2d 864, 869 (11th Cir. 1990); Estes v. Tuscaloosa County, Alabama, 696 F.2d 898, 900 (11th Cir. 1983). ("In order to invoke due process guarantees, there must be a constitutionally protected property or liberty interest at stake").

In the context of a public employment property interest claim, the Supreme Court has explained that a "tenured employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before a state or state agency may terminate an employee." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495 (1985). In the instant case, Plaintiff admits that he was provided the requisite notice and opportunity to be heard. (Complaint, ¶8). Moreover, Plaintiff admits that as a result of this procedure, he was reinstated. Id. Accordingly, the due process procedures put in place by Defendant therefore worked in Plaintiff's favor and he has sustained no injury that can be redressed under §1983.

Notwithstanding Plaintiff's admission that he was reinstated, Plaintiff alleges that his procedural due process rights were violated because (1) he experienced an "unreasonable" delay in his reinstatement (Complaint, ¶10); (2) he was subjected to a psychiatric evaluation which he alleges lead to further delay to his reinstatement to active flight status (Complaint, ¶11); (3) word of his psychiatric evaluation was "leaked to officials outside of his chain of command (Complaint, ¶12) and (4) he experienced a material change in duties to non-flight status, subjecting him to manual labor outside of his ordinary duties. (Complaint, ¶16). As recognized by the Eleventh Circuit, not all employment related grievances by public employees rise to the level of constitutional claims. Estes, 696 F.2d at 900. In Estes, the Eleventh Circuit held that a

plaintiff had no claim under §§1983 and 1988 where she prevailed as part of the administrative proceedings and was reinstated to her position, but her public employer failed to expunge information concerning the incident from her personnel file, failed to grant a salary increase given to other employees and failed to pay her attorney's fees incurred during the administrative proceedings. *Id.*

### a. Property Interest Claim

Where a plaintiff purports to state a claim under §1983 for the alteration of a term or condition of employment, the plaintiff must have a property right not just to continued employment, but to the *specific term or condition of employment* in order for the alteration of that term or condition to raise constitutional requirements of due process. Shelton v. City of Atlanta, 796 F.2d 1391 (11th Cir. 1986) *citing* Bishop v. Wood, 426 U.S. 341 (1974) (emphasis added). To have a property interest in a benefit, a person must have "legitimate claim of entitlement to it." Shelton, 796 F.2d at 1392 *citing* Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Conversely, where no property right exists to a term or condition of employment, no procedural process is necessary. B.F. Johnson v. City of Tarpon Springs, 758 F.Supp. 1473 (M.D. Fla. 1991).

Under this rubric, even accepting all of Plaintiff's allegations as true, they cannot rise to the level of a violation of procedural due process. Plaintiff has failed to state any rule, statute or contract which could form the basis of his entitlement to experience no delay in his reinstatement to active flight status. In fact, it is clear from Plaintiff's Complaint that his reinstatement was predicated upon his meeting certain conditions, which obviously require time to accomplish. (Complaint, ¶8, Exhibit A). As set forth in Exhibit A to Plaintiff's Complaint, Plaintiff was "required to satisfactorily complete a flight safety training program *to be developed and*

4

*administered* under the direction of the BES Director". (Emphasis added). This demonstrates not only that Plaintiff should have reasonably expected a period of delay before he was reinstated to flight status, but that Defendant clearly went above and beyond the required due process and undertook the burden of *creating* a training program so that Plaintiff could retain his employment.

Plaintiff further alleges that he experienced an adverse employment action through a "material change in duties to non-flight status, subjecting him to manual labor outside of his ordinary duties". (Complaint, ¶16). However, even accepting Plaintiff's allegation as true, he cannot state a claim under § 1983 for this change in status as the internal transfer of an employee who retains his employment, unless it constitutes such a change of status as to be regarded as essentially as a loss of employment, does not provide the loss of a tangible interest that deserves Fourteenth Amendment protection. Faucher, 891 F.2d at 870 *citing* Moore v. Otero, 557 F.2d 435, 438 (5th Cir. 1977). (In Moore, the former Fifth Circuit held that Plaintiff, a police corporal, experienced no due process violation where following a report that he failed to assist in the investigation of a breaking and entering suspect, he was reassigned to a patrolmen's duties).

**b. Liberty Interest Claim**

The Eleventh Circuit has held that although damage to reputation, standing alone, does not provide a basis for an action under § 1983, "when reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty which is actionable" under § 1983. Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000) (citing County Campbell v. Pierce, Ga., 741 F.2d 1342, 1344 (11th Cir. 1984)). In order to recover for alleged reputational damage, a plaintiff must satisfy a six-factor test and show that: (1) a false statement, (2) of a stigmatizing nature, (3) attending a

governmental employee's discharge, (4) [was] made public, (5) by the governmental employer, (6) without a meaningful opportunity for an employee to receive a name clearing hearing. Cotton at 1330 (quoting Warren v. Crawford, 927 F.2d 559, 565 (11th Cir. 1991)). However, where an "employee retains his position even after being defamed by a public official, the only claim of stigma he has derives from the injury to his reputation, an interest that [Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ] reveals does not rise to the level of a liberty interest". Faucher, 891 F.2d at 870.

Plaintiff alleges that word of his "psychiatric evaluation leaked to officials outside of [his] chain of command". (Complaint, ¶12). With this allegation, Plaintiff purports to state a claim of deprivation of his liberty interest in his good reputation. Because Plaintiff has failed to allege **any** of the required factors to state a *prima facie* case for alleged damage to his reputation, his liberty interest claim must fail. Most notably, even accepting as true Plaintiff's assertion that "word of said psychiatric evaluation leaked", it could not have been done attendant to his discharge, as by his own admission, Plaintiff's employment was reinstated. (Complaint, ¶8). Nor did Defendant make a false statement as Plaintiff admitted that he underwent a psychiatric evaluation. (Complaint, ¶11)[2].

II. **Plaintiff Cannot Establish a Due Process Violation Where Florida Law Provides an Adequate Remedy**

Plaintiff's procedural due process claim should also be dismissed as Plaintiff has failed to allege that state remedies were unavailable. Cotton v. Jackson, 216 F.3d 1328, *reh'g and reh'g en banc denied*, 237 F.3d 638 (11th Cir. 2000). In Cotton, the Eleventh Circuit held that procedural due process claims are unavailable where the state provides adequate remedies. 216

---

[2] While it is arguable whether or not disclosing that an individual underwent a psychiatric evaluation is a statement of a stigmatizing nature, Defendant denies that it publicly disclosed Plaintiff's evaluation.

6

F.3d at 1330-1331.  As noted by the Court, "this directive is a recognition that procedural due process violations do not even exist unless no adequate state remedies are available."  *Id*. at 1331, n. 2.

Therefore, even assuming *arguendo* that Plaintiff has experienced a procedural deprivation, "he has not suffered a violation of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation".  McKinney, 20 F.3d at 1563.  This Court, in determining whether Plaintiff has stated a valid § 1983 claim, must look to whether the available state procedures were adequate to correct the alleged procedural deficiencies.  Cotton at 1331 (*citing* McKinney at 1563).  "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process."  Id. (citing McKinney at 1565 ("The fact that [plaintiff] failed to avail himself of the full procedures provided by state law… does not constitute a sign of their inadequacy.")).

It is apparent from Plaintiff's Complaint and its supporting exhibit, that adequate state remedies were available to him.  With respect to his termination hearing, Plaintiff was afforded a hearing comporting with all required due process standards and his employment was reinstated.  But, assuming that Plaintiff had been unhappy with the outcome of his termination hearing, he clearly had state law remedies available to redress his concerns; for example, Plaintiff would have had the option to petition for certiorari review in the circuit court.  City of Deerfield Beach v. Vaillant, 419 So.2d 624, (Fla. 1982); McDougall v. Van House, 801 So.2d 118, (Fla. 2nd DCA 2001).  Regarding Plaintiff's complaints related to the alleged "unreasonable" delay in his return to active flight status and other terms and conditions of his employment, Plaintiff also had

remedies available under state law[3]. One such remedy available to Plaintiff was the remedy of seeking mandamus to compel the Defendant's performance of a clear legal duty. <u>Florida Society of Newspapers Editors, Inc. v. Florida Public Service Commission</u>, 543 So.2d 1262, 1264 (Fla. 1st DCA), *rev. denied*, 551 So.2d 461 (Fla. 1989) (Mandamus remedy is available to compel performance of clear legal duty).

Accordingly, because Plaintiff was clearly given notice and an opportunity to be heard prior to his proposed termination, by his own admission was reinstated and experienced no other deprivation of due process, he has failed to plead a procedural due process violation and his Complaint should be dismissed. Moreover, even assuming a constitutional deprivation, as it is clear that Florida law provides adequate remedies to redress any concerns of Plaintiff related to termination or other terms and conditions of his employment, no procedural due process violation can be pursued under the federal Constitution.

WHEREFORE, for the foregoing reasons, Defendant COLLIER COUNTY BOARD OF COMMISSIONERS, respectfully requests this Court to grant its Motion to Dismiss Plaintiff's Complaint with prejudice.

Dated: June 29, 2009                    Respectfully submitted,

*/s/ Mark E. Levitt*_____
Mark E. Levitt
Florida Bar No.: 0193190
Email: mlevitt@anblaw.com
Shannon L. Kelly
Florida Bar No.: 031093
Email: skelly@anblaw.com
ALLEN, NORTON & BLUE, P.A.
1477 W. Fairbanks Ave., Suite 100

---

[3] In October 2008, Plaintiff filed a grievance related to his reassignment to another position in EMS/Fire while the terms of his reinstatement were carried out, which was found to be without merit.

Winter Park, FL 32789  
Telephone: (407) 571-2152  
Facsimile: (407) 571-1496  
Counsel for Defendants

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: Samuel C. Gold, Esq., P.O. Box 770824, Naples, FL, 34107-0824.

                                              */s/ Mark E. Levitt*
                                              Mark E. Levitt