## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MARK HOLMES,

                Plaintiff,

-vs-                                      Case No.  2:09-cv-381-FtM-36SPC

COLLIER COUNTY BOARD OF
COMMISSIONERS as the body corporate
governing Collier County, Florida, USA,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff's Verified Motion for an Award of Attorney's Fees (Doc. #167 ) filed on June 29, 2011.  The Defendant filed its Response in Opposition (Doc. # 177) on August 8, 2011.  The Motion is now ripe for the Court's review.

## FACTS

      The Plaintiff is an emergency services helicopter pilot employed by Collier County.  The Plaintiff alleged that he suffered an adverse employment action from his employers at Collier County. On August 28, 2008, after a hearing on the Plaintiff's Complaint, Leo Ochs, Deputy County Manager of Defendant County, the hearing officer at the Plaintiff's hearing, issued an order to reinstate his employment with Collier County.  The Plaintiff was to be suspended for thirty (30) days without pay and to satisfactorily complete a flight safety training program within the next six (6) months.

The Plaintiff stated in his Complaint that the Defendant made no provision for delaying said reinstatement.  Yet the Defendant unreasonably delayed by several months the process returning Plaintiff to his job as a helicopter pilot in contravention of its own due process mandate by manufacturing allegations that Plaintiff violated Federal Aviation Procedures (FAA), which were later determined by FAA to be unsubstantiated.  The Plaintiff states that he was subjected to a psychiatric evaluation against his will without any reasonable foundation to thwart the findings of its own hearing officer and higher management within the County.  The examining psychiatric physician determined that the Plaintiff had no diagnosable psychiatric condition and that there was no psychiatric reason to keep the Plaintiff from returning to his job as a helicopter pilot.

The Plaintiff originally brought this suit in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.  The case was removed to this Court by the Defendant, Collier County Board of Commissioners on June 17, 2009.   The Plaintiff filed an Amended Complaint (Doc. # 16) on July 17, 2009, and a Second Amended Complaint (Doc. # 40) on January 8, 2010.  In his Second Amended Complaint, the Plaintiff alleged: (1) the Defendant violated his constitutional property right to his employment by subjecting him to an adverse employment action without due process; (2) the Defendant violated Florida's Whistleblower Act; and (3) the Defendant violated the Family Medical Leave Act from September 19, 2008 through October 24, 2008.

 On September 1, 2010, the District Court dismissed the constitutional claim in Count I without prejudice, and denied the Motion to Dismiss as to Counts II and III. (Doc. # 50).  The case proceeded to trial by jury.  The Jury returned a verdict in favor of the Plaintiff on the Florida Whistleblower Act claim and awarded him $70,000.00 in damages, but found for the Defendant on the Family Medical Leave Act claim. On June 15, 2011, the District Court entered judgement in

accord with the Jury's verdict and the Plaintiff now moves for attorney's fees as the prevailing party under Florida's Whistleblower Act.

Atty. Gold submitted billable hours for three individuals who worked on this case as follows: Atty. Samuel Gold billed 242 hours at an hourly rate of $300.00 per hour for a total of $72,600.00; Atty. David Hurvitz billed $175.00 per hour for sixty-four point four (64.4) hours for a total of $11,270.00; and  paralegal Michael Valverde billed 16.6 hours at $110.00 per hour for a total of $1,826.00.  All totaled Atty. Gold submitted a bill for attorney's fees of $85,696.00.

## DISCUSSION

The Plaintiff argues that he is the prevailing party on the Whistleblower Act claim and the prevailing party overall and therefore due to recover his attorney's fees and costs.  The Defendant argues that the Plaintiff did not substantially prevail in the case because he only recovered $70,000.00 when he had originally asked for over $750,000.00 in the initial claim and $189,000.00 in the amended claim, and only prevailed on one of his three (3) claims.

The Florida Whistleblower Act reads in pertinent part:

> [i]n any action brought under this section, the relief must include the following: . . .
> (d) [p]ayment of reasonable, costs, including attorney's fees to a substantially prevailing employee, or to the prevailing employer if the employee filed a frivolous action in bad faith.

Fla. Stat. § 112.3187(9)(d).  The issue then becomes whether or not the Plaintiff is considered a substantially prevailing party based upon the Jury's verdict in this case.

The Defendant argues the Plaintiff was not a substantially prevailing employee because he did not prevail on two of his three counts.  The Defendant argues that since the Plaintiff lost on two

counts his request for attorney's fees should be denied or reduced.  The Defendant's objection is not well taken.

In a footnote of dicta in an Endangered Species Act case (which uses an "appropriate" standard for awarding attorney fees), the Eleventh Circuit stated the differences in various fee-shifting statutes using the terms "prevailing party" and "substantially prevailed" were inconsequential. U.S. v. Fifty-Nine Thousand Dollars ($59,000.00) in U.S. Currency, 2010 WL 3212002 * 2 (S.D. Fla. August 12, 2010) (citing  Loggerhead Turtle v. County Council of Volusia County, Fla., 307 F.3d 1318, 1322 n. 4 (11th Cir.2002) (quoting Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 455 (D.C. Cir.2002)).  Thus this Court will thus look to Supreme Court decisions interpreting "prevailing party." A "prevailing party" is one "who has been awarded some relief by the court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L. Ed.2d 855 (2001).  Here it is clear that the Plaintiff was awarded some relief   ($70,000.00 in damages) by the Court on its Florida Whistleblower claim.  Thus, the Plaintiff is considered a substantially prevailing employee for the purposes of recovering attorney's fees under the Florida Whistleblower Act.

Having determined that the Plaintiff is entitled to attorney's fees under the Statute, the Court must now determine if the Plaintiff's fees and hours billed are reasonable.  The Eleventh Circuit utilizes the loadstar approach to determine a reasonable attorney's fee. Loos v. Club Paris, LLC., 731 F. Supp. 2d 1324, 1329 (M.D. Fla. 2010).  The lodestar formula is the product of the number of reasonable hours expended and the reasonable hourly rate. Id.

*Whether the Hourly Rates were Reasonable*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community  for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id.  (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d at 1299. "The following twelve factors, originally set forth in  Johnson v. Georgia  Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), are also considered in calculating a fee award:(1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases." Loos, 731 F. Supp. 2d at 1329.  The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." Id. (quoting Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.1994) (citing Norman, 836 F.2d at 1299). District courts may consider direct evidence of rates for similar services or opinion evidence about rates. Loos, 731 F. Supp. 2d at1329-1330 (citing Norman, 836 F.2d at 1299).

The Eleventh Circuit looks to skill as the ultimate determinate of attorney compensation. Loos, 731 F. Supp. 2d at 1330.  Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency. Id.  Legal skill also correlates to a knowledge of both trial practice and substantive

law and the district court has ample discretion to discount the import of counsel's expertise. Id.; Varner v. Century Fin. Co., Inc., 738 F.2d 1143, 1149 (11th Cir.1984). Because no two attorneys possess the same skill, the Court must look to the range provided by the evidence and interpolate a reasonable market rate. Loos, 731 F. Supp. 2d at 1330 (citing Norman, 836 F.2d at 1300). Thus, the Court determines a reasonable rate by assessing the range of fees established in the marketplace, as modified by reference to an individual attorney's skill. Loos, 731 F. Supp. 2d at 1330.

The Defendant objects to Atty. Gold's and Atty. Hurvitz's hourly rate. As noted above Atty. Gold billed at a rate of $300.00 per hour. The Defendant objects to the rate and suggests that a more appropriate rate for Atty. Gold would be $250.00 per hour for the work in this case. As grounds for the objection, the Defendant states that Atty. Gold has only been practicing law for nine (9) years and has only been practicing in the area of Florida Whistleblower law for eight (8) years. The Defendant further argues that Atty. Gold cannot recover his fees on those claims that were dismissed or were lost at the jury trial. Atty. Gold filed an affidavit from Atty. Darren Phillips to support his claim. Atty. Phillips opined that $300.00 per hour was a reasonable rate for the type of employment law issues involved in this case.

In the Southwest Florida geographical area, only eighteen percent (18%) of attorneys charge over $250.00 per hour. Over two thirds (⅔) of the attorneys practicing in Southwest Florida geographical region charge between $125.00 and $225.00 or an average hourly rate of $175.00. [1] The Court based on its experience at determining attorney's fees in the Fort Myers geographical area finds that $250.00 per hour is a reasonable rate for an attorney with Atty. Gold's experience in the

---

[1]    All figures used in calculating a reasonable attorney's fee were provided by the Florida Bar's Division of Statistics.

areas involved in this case.  Likewise, given that Atty. Hurvitz was in his first year of practice at the time he worked on this case, his hourly rate will be reduced from $175.00 down to $150.00 per hour. Johnson v. Potter, 2011 WL 672347 * 4 n. 7 (M.D. Fla. February 17, 2011) (reducing the rate of a relatively new attorney to $150.00).

Thus, Atty. Phillips hourly rate will be reduced from $300.00 per hour down to $250.00, Atty. Hurvitz will be reduced from $175.00 to $150.00 per hour. See Scelta v. Delicatessen Support Services, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002) (holding that the Court may use its discretion and expertise to determine the appropriate hourly rate).  Paralegal Michael Valverde's billing rate of $110.00 per hour is considered reasonable in the Southwest Florida area. Id.

Whether the Hours Billed were Reasonable

As noted above, the Plaintiff states that Atty. Samuel Gold billed 242 hours, Atty. David Hurvitz billed sixty-four point four (64.4) hours, and paralegal Michael Valverde billed sixteen point six hours (16.6).  The Defendant objects to the number of hours billed and moves the Court to reduce the number of hours Atty. Gold spent performing clerical duties as well as hours spent on counts that were dismissed or in which the Jury returned an unfavorable verdict.

The Defendant argues that since the Plaintiff did not prevail on all of the claims in his Complaint, that Plaintiff's Counsel's fees should be reduced by twenty-five percent (25%).  In this case, Plaintiff prevailed on his Florida Whistleblower Act claim but lost his claim under the Family Medical Leave Act at trial and had his constitutional property right to his employment claim dismissed prior to the trial.  In Norman v. Housing Authority of City of Montgomery, 836 F. 2d 1292, 1303 (11th Cir. 1988), the Eleventh Circuit held that if a plaintiff's case resulted in partial or

limited success, the lodestar must be reduced to an amount that is not excessive. Johnson, 2011 WL 672347 at * 5.  The Norman court also held that in reducing the lodestar, "the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion." Id.  After careful review of the billing records, the Court has determined that it is all but impossible to segregate out hours spent on the unsuccessful Family Medical Leave Act claim from the successful Florida Whistle Blower claim, and therefore, it is necessary to consider a percentage reduction in hours based on the overall success of the litigation.

Upon consideration of the overall relief that Plaintiff obtained at trial in relation to the hours reasonably expended on litigation and upon consideration of the Johnson factors, *supra* page five, the Court concludes that a percentage reduction of twenty percent (20%) in the fees awarded to Plaintiff represents a fair and reasonable adjustment of the lodestar in this case. *See* St. Fleur v. City of Fort Lauderdale, 149 Fed. Appx. 849, 854 (11th Cir.2005) (affirming district court's reduction of the plaintiff's attorneys' hours by thirty (30% ) where the plaintiff prevailed on his discrimination claim under Title VII but lost on his discrimination claim under § 1983).

Atty. Gold billed 242 hours times eighty percent (80%) 242 x .80 =193.6 hours or a reduction of forty-eight point four (48.4) hours.  Atty. Hurvitz billed sixty-four point four (64.4) hours times eighty percent (80%) 64.4 x .80 = 51.52 hours for a  reduction of twelve point eighty- eight (12.88) hours.  Paralegal Michael Valverde billed sixteen point six hours (16.6) 16.6 x .80 = 13.28 hours for a reduction of three point three two (3.32) hours.

The Defendant also objects to some specific entries in Atty. Gold's billing records.  A review of those show that the Plaintiff's Counsel billed for a several hours of clerical procedures.  After

reviewing the hours objected to by the Defendant, the Court finds that some of the objections are well taken.  Those hours that should be reduced are as follows:

| Date | Activity | Time | Rationale |
|---|---|---|---|
| 7/2/2009 | Receipt and review of Kara Kenny email/ Gold | .2 | Kenney is a reporter, this is not compensable work |
| 7/2/2009 | Phone call with K. Kenney re: case status update/ Gold | .2 | Kenney is a reporter, this is not compensable work |
| 7/15/2009 | Draft notice of pendency; format response to Order | .5 | "Formatting" constitutes a clerical task which is not recoverable |
| 8/21/2009 | File Motion to Exceed page length. | .2 | Clerical task which is not recoverable[6] |
| 8/24/2009 | File brief in opposition to Defendant's Motion to Dismiss | .2 | Clerical task which is not recoverable |
| 2/9/2010 | Catalog and burn discovery materials; forward the same opposing counsel | .7 | Clerical task which is not recoverable |
| 11/2/2009 | Re-format discovery, prep for service including draft notice of service and serve | 1.0 | Clerical task which is not recoverable |
| Gold | Total Reduced | 3.0 Hours | |
| 1/6/2010 | Format consolidated amended complaint/ Valverde | .4 | Clerical task which is not recoverable |

| 2/12/2010 | Burn replacement production disk/ Valverde | .2 | Clerical task which is not recoverable |
|---|---|---|---|
| 2/9/2010 | Catalog and burn discovery materials; forward the same opposing counsel | .7 | Clerical task which is not recoverable |
| 10/11/2009 | Tort liability research/ Valverde | 1.7 | Plaintiff never had a tort claim against Defendant, therefore not recoverable |
| Valverde | Total Reduced | 3.0 Hours | |

Atty. Gold's hours 193.6 minus three (3.0) hours is equals 190.6 hours awarded for his work

in this case. Atty. Samuel Gold hours 190.6 hours times $250.00 per hour equals $47,650.00 in fees.

Thus taken together, the Plaintiff should be awarded  $47,650.00 for the hours expended by Atty.

Gold in this case.  Atty David Hurvitz was awarded 51.52 hours times $150.00 per hour.  Thus, taken

together the Plaintiff should be awarded $7,728.00 in fees for the work performed by Atty, Hurvitz

in this case.  The  Paralegal Michael Valverde's thirteen point two eight (13.28) hours minus three

(3.0) equals ten point three (10.28) hours awarded for his work in this case.  Thus, taken together the

Plaintiff should be awarded $1,130.80 for the work the  Paralegal Valverde performed in this case.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff's Verified Motion for an Award of Attorney's Fees (Doc. #167 ) should be

**GRANTED** as follows:

(1) Attorney Samuel Gold **$47,650.00** in fees.

(2) Attorney David Hurvitz **$7,728.00** in fees

(3) Paralegal Michael Valverde **$1,130.80** in fees.

(4) Recommended total that should be Awarded to the Plaintiff for Attorney's Fees **$56,508.80** plus statutory interest.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __13th__ day of September, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record