# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

MARK HOLMES,

    Plaintiff,

v.                                                      CASE NO. 2:09-CV-381-FtM-36SPC

COLLIER COUNTY BOARD OF
COMMISSIONERS, as the body
Corporate governing Collier Country,
Florida, USA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Report and Recommendation of United States Magistrate Judge Sheri Polster Chappell, filed on September 13, 2011 (Doc. 181). In the Report and Recommendation, Judge Chappell recommends that the Court grant Plaintiff Mark Holmes' Motion for Attorney Fees (Doc. 167) in the amount of $56,508.80 plus statutory interest. On September 27, 2011, Defendant Collier County Board of Commissioners filed its Objections to the Report and Recommendation (Doc. 182), and Plaintiff subsequently filed a Response to the Defendant's Objections to the Report and Recommendation (Doc. 183).

## I. BACKGROUND

Plaintiff Mark Holmes ("Plaintiff") is an emergency services helicopter pilot employed by Defendant Collier County ("Defendant"). Plaintiff alleged that he suffered an adverse employment action while employed with Collier County, and brought a suit in the Circuit Court of the Twentieth Judicial Circuit (Doc. 2). Defendant removed the case to this Court on June 17, 2009 (Doc. 1). The Plaintiff filed an Amended Complaint on July 17, 2009 (Doc. 16), and a Second Amended

Complaint on January 8, 2010 (Doc. 40). In his Second Amended Complaint, the Plaintiff alleged that: (1) the Defendant violated his constitutional property right to employment by subjecting him to an adverse employment action without due process; (2) the Defendant violated Florida's Whistleblower Act, Fla. Stat. § 112.3187 ("FWA"); and (3) the Defendant violated the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"). *Id.*

Plaintiff's case went to trial on claims for retaliation under the FMLA and FWA. Doc. 184, p.1. Following trial, the jury found in favor of Defendant on the FMLA retaliation claim, and in favor of the Plaintiff on the FWA claim. Doc. 164. The jury found that Plaintiff made a protected disclosure in writing to a Chief Executive Officer about a suspected violation of a federal, state or local law or an act or suspected act of gross mismanagement, malfeasance, misfeasance. *Id.* The jury found that as a result of this protected disclosure, Plaintiff suffered a causally related adverse employment action. *Id.* Further, the jury found that the return to flight action plan for Plaintiff was not delayed due to Defendant's stated reason but was related to the statutorily protected activity. *Id.* Based on these determinations, the jury found that Plaintiff suffered damages as a proximate or legal result of retaliation and awarded him $70,000.00. *Id.*

On June 15, 2011, the Clerk of Court entered Judgement in accord with the Jury's verdict (Doc. 166). Shortly after, the Defendant moved, pursuant to Rules 50(b) and 59(a) and (e) of the Federal Rules of Civil Procedure for Judgment as a Matter of Law or Alternatively for Remittitur or New Trial ("Defendant's JMOL Motion")(Doc. 171). The Court granted in part and denied in part Defendant's JMOL Motion, but found the jury's award of $70,000 was excessive and reduced it to $17,162.96, thus granting Defendant's Motion for Remittitur (Doc. 184). On February 22,

2012, Plaintiff informed the Court that he accepted the reduced jury award through remittitur (Doc. 185.)

As the prevailing party under Florida's Whistleblower Act, Plaintiff moved for attorneys' fees (Doc. 167), which Magistrate Judge Chappell recommends be granted. In its Objections (Doc. 182), Defendant did not object to the hourly rate recommended by the Magistrate or to the findings as a whole. Rather, Defendant objected because Defendant's JMOL motion was pending before this Court, and therefore, the Court should postpone a ruling on the issue of attorneys fees "to the extent that [Defendant's] post-trial Motions are granted in whole or in part and Plaintiff is no longer entitled to fees or these fees are due to be reduced." *Id.*, p.1. Plaintiff filed a response to Defendant's Objections to the Report and Recommendation, simply to assert that the parties had agreed that neither party would file objections to the Report and Recommendation of the Magistrate Judge (Doc. 183).

## II. STANDARD

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). Once a timely objection to the Report and Recommendation is made, the District Judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III. ANALYSIS

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Magistrate Judge Chappell found in her Report and Recommendation that because the Court awarded the Plaintiff relief on his FWA claim, the Plaintiff is considered a substantially prevailing employee for purposes of recovering attorney's fees under the FWA. Doc. 181, p.4. Also, after carefully reviewing the billing records, the Magistrate Judge found that it was virtually impossible to segregate the hours spent on the Plaintiff's unsuccessful FMLA claim from his successful FWA claim, and therefore determined to reduce the total hours of attorney work by a percentage based on the overall success of the litigation. *Id.*, p.8. The Court is satisfied with this analysis.

The parties' Objections to the Magistrate Judge's Report and Recommendation have been mooted by the Court's Order granting in part and denying in part Defendant's Motion for Judgment as a Matter of Law or Alternatively for Remittitur or New Trial (Doc. 184). Given the Court denied Judgment as a Matter of Law and a New Trial on Liability, and Plaintiff accepted the post-remittitur damages instead of electing a new trial on damages, the Court's ruling has no effect on the jury's findings of Defendant's liability and thus Defendant's objection is now moot. Further, Plaintiff objected to the Report and Recommendation for the purpose of advising the Court that the parties had previously agreed not to file objections (Doc. 183). The Plaintiff's Objection is also moot.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 181) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff's Motion for Attorney's Fees (Doc. 167) is **GRANTED.** Attorney's fees are awarded to Plaintiff as follows**:**

   a. Attorney Samuel Gold **$47,650.00** in fees;

   b. Attorney David Hurvitz **$7,728.00** in fees;

   c. Paralegal Michael Valverde **$1,130.80** in fees;

3. Plaintiff is awarded a total of **$56,508.80** plus statutory interest for attorney's fees.

4 The Clerk is directed to enter judgment accordingly.

**DONE AND ORDERED** at Ft. Myers, Florida, on March 6 , 2012

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD
U.S. MAGISTRATE JUDGE SHERI CHAPPELL

5